883553/DRCreagh/DJRichards/jdn

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN MIGLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 6863 |
| v. ) | |
| ) | Judge Kendall |
| JAMES JOSEPH "TED" MELLON, ) | |
| ) | Magistrate Judge Valdez |
| Defendant. ) | |

## ANSWER

NOW COMES Defendant, JAMES JOSEPH "TED" MELLON, by and through his counsel, David R. Creagh and David J. Richards of Hinshaw & Culbertson LLP, and for his Answer to Plaintiff's Complaint, states as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint on file herein, Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and on that ground, deny each and every allegation contained therein.

2. Answering Paragraph 2 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint on file herein, Defendant admits that Mellon told Miglin about an invention by Dr. Dennis P. Gordon of a needle which had the potential to be successfully utilized in the treatment of spider veins but denies each and every other allegation contained therein.

6269213v1 883553

5. Answering Paragraph 5 of Plaintiff's Complaint on file herein, Defendant admits that Mellon arranged for Miglin to meet Dr. Gordon but denies each and every other allegation contained therein.

6. Answering Paragraph 6 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

8. Answering Paragraph 8 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

9. Answering Paragraph 9 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

10. Answering Paragraph 10 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

11. Answering Paragraph 11 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint on file herein, Defendant admits that Mellon has corresponded with Miglin, but denies each and every other allegation or characterization thereof in this paragraph.

14. Answering Paragraph 14 of Plaintiff's Complaint on file herein, Defendant admits that Mellon has corresponded with Miglin, but denies each and every other allegation or characterization thereof in this paragraph.

6269213v1 883553

15.     Answering Paragraph 15 of Plaintiff's Complaint on file herein, Mellon admits that there is other litigation in Las Vegas, Nevada but denies each and every other characterization or allegation contained in this paragraph.

16.     Answering Paragraph 16 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

17.     Answering Paragraph 17 of Plaintiff's Complaint on file herein, Defendant denies the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that each cause of action alleged in the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

That to whatever extent Defendant's actions were in any way responsible for any of the activities about which Plaintiff complains, which this answering Defendant specifically denies, any such action on the part of the Defendant was in reliance upon the actions of Plaintiff and Plaintiff is therefore estopped from making any claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff had notice of all the facts and acts of Defendant set forth in the Complaint, and nevertheless refrained from commencing this action until August 31, 2007, and has thereby been guilty of laches as should in equity bar the plaintiff from maintaining this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff by her actions has freely and voluntarily waived any rights she may have had under the circumstances alleged.

6269213v1 883553

## FIFTH AFFIRMATIVE DEFENSE

That the damage sustained by the Plaintiff, if any, was caused by the acts of unknown third persons who were not agents, servants or employees of this answering Defendant, and who were not acting in behalf of this answering Defendant in any manner or form and, as such, this Defendant is not liable in any manner to the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting any claim against this answering Defendant because the alleged damages were the result of intervening, superseding conduct of others.

## SEVENTH AFFIRMATIVE DEFENSE

That at the time and place alleged in Plaintiff's Complaint and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution or prudence for the protection of her own safety, and the injuries and damages complained of by Plaintiff in his Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness and negligence of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

That Plaintiff did not deal honestly, fairly and in good faith with the Defendant but rather suppressed, misrepresented and/or concealed material facts concerning the alleged transactions and has, in fact, been found responsible by a jury for more than $15 million for her fraud and deceit in regard to the transaction alleged.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff was capable of, and failed to mitigate her damages, if any.

6269213v1 883553

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims and/or causes of action, in whole or in part, are uncertain, ambiguous and unintelligible.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims and/or causes of action are barred, in whole or in part, by waiver, estoppel and/or laches.

## TWELFTH AFFIRMATIVE DEFENSE

That no award of punitive damages can be awarded against answering Defendant under the facts and circumstances alleged in Plaintiff's Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the *Fifth Amendment of the Constitution of the United States*; of the right to counsel provided by the *Sixth Amendment of the Constitution of the United States*; of the proportionality principles contained in the *Eighth Amendment of the Constitution of the United States*; and the due process clause in the *Fourteenth Amendment of the Constitution of the United States*.

## FOURTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates, by reference, any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## RESERVATION OF RIGHTS

Defendant alleges that it may have additional defenses or claims available to it of which it is not now aware. Defendant reserves the right to assert additional defenses or cross-claims, counterclaims, or third-party claims as may be revealed to be appropriate through discovery, or otherwise in the course of this litigation.

WHEREFORE, Defendant demands judgment against Plaintiff, dismissing all claims of the Complaint with prejudice, and awarding Defendant all relief to which he is entitled by law, including reimbursement of all costs incurred in defending this matter, and such other and further relief as this Court deems just and proper.

Dated this 4th day of January, 2008.

| | |
|---|---|
| David R. Creagh, Esq. (ARDC No. 6191452)<br>David J. Richards, Esq. (ARDC No. 6230119)<br>**HINSHAW & CULBERTSON LLP**<br>222 North LaSalle Street<br>Suite 300<br>Chicago, IL 60601-1081<br>Phone: (312) 704-3000<br>Fax:    (312) 704-3001 | Respectfully submitted,<br><br>**HINSHAW & CULBERTSON LLP**<br><br><br>By:  s/David R. Creagh<br>One Of The Attorneys For Defendant,<br>JAMES JOSEPH "TED" MELLON |

6269213v1 883553