**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARILYN MIGLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.  07 C 6863** |
| | ) | |
| **v.** | ) | **Honorable Virginia M. Kendall** |
| | ) | |
| **JAMES JOSEPH "TED" MELLON,** | ) | **Magistrate Judge Valdez** |
| | ) | |
| **Defendant.** | ) | |

**THE PARTIES' JOINT STATUS REPORT**

Plaintiff Marilyn Miglin ("Ms. Miglin"), by and through her counsel Cohon Raizes & Regal LLP, and defendant James Joseph "Ted" Mellon ("Mr. Mellon"), by and through his counsel, Hinshaw & Culbertson LLP, hereby jointly submit a status report in this matter pursuant to the court's order entered on December 11, 2007.

A.    **Nature of the Case:**  In this action, Ms. Miglin alleges that, in late 1999 and June 2000, James Mellon fraudulently induced Ms. Miglin to invest $2.5 million in a corporation known as Advanced Medical Products Inc ("AMP"), which was intended to market and sell a needle intended to treat spider veins in both men and women.  Mr. Mellon is alleged to have obtained Ms. Miglin's investment proceeds in AMP, and used such proceeds for his own benefit and not to promote sales of the needle.

The defendant denies the plaintiff's allegations, and will assert that the parties were each represented by their own counsel and negotiated an arms-length transaction for the plaintiff to purchase the shares of stock in AMP.  The defendant will also assert that the plaintiff's claims are barred in whole or in part by claim preclusion and/or issue preclusion resulting from other

1

litigation in Nevada arising out of the subject transaction.  The defendant will assert that the transaction at issue in this case was the subject of other litigation in Nevada, which resulted in a verdict against the plaintiff.

1.     **Lead Attorneys:**

    •     For plaintiff - Cornelius P. Brown of Cohon Raizes & Regal LLP

    •     For defendant - David R. Creagh of Hinshaw & Culbertson LLP

2.     **Basis for federal jurisdiction:**

    •     The basis for federal jurisdiction is proper under 28 U.S.C. § 1332

3.     **Nature of the claims asserted in the complaint and any counterclaims:**

    •     The complaint consists of a one count claim for fraud.

    •     The defendant has not filed any counterclaim

4.     **Name of any arty that has not been served and the nature of the non-service:**

    •     All parties have been served in this matter.

5.     **Principal legal issues:**

    •     Whether Mr. Mellon committed fraud.

    •     Whether the claims are barred in whole or in part by collateral estoppel and/or res judicata.

6.     **Principal factual issues:**

    •     Whether Mr. Mellon fraudulently induced Ms. Miglin to invest in AMP and whether Ms. Miglin sustained injury or damage as a result of the alleged fraud, whether Ms. Miglin's conduct with regard to the other shareholders of AMP and to another individual

2

who had a contract allegedly identical to the Ted Mellon contract

to sell his shares of AMP to Marilyn Miglin bars her recovery

under the complaint.

B.    **Discovery:**

1.    **Brief description of completed discovery and any remaining discovery:**

- The parties have not yet commenced discovery.

2.    **Brief description of any pending motions and anticipated motions.**

- There are no motions pending at this time. Plaintiff anticipates on filing a motion requesting that the court strike defendant's affirmative defenses.

- Defendant anticipates filing a motion to transfer venue to the United States District Court for the District of Nevada.

3.    **Brief description of any previously entered rulings on substantive issues.**

- No rulings have been entered in this matter to date.

4.    **Any previously filed status reports:**

- No other status reports have been filed in this matter.

C.    **Trial**

1.    **If a trial is anticipated, whether the parties consent to proceed before a Magistrate Judge:**

- The parties do not consent to proceed before a Magistrate Judge.

2.    **If a trial is anticipated, how long the trial will take and whether a jury is requested.**

3

- The parties anticipate that the trial will take approximately two weeks.

D.   **Settlement**

1.   **Status of any settlement discussions and whether the parties request a settlement conference.**

- The parties have not engaged in settlement discussions in this matter and do not request a settlement conference at this time.

**MARILYN MIGLIN**

By:___/s/ Rafey S. Balabanian_____
            Counsel for Ms. Miglin

**JAMES JOSEPH "TED" MELLON**

By:___/s/ David R. Creagh_____
            Counsel for Mr. Mellon

Cornelius P. Brown (ARDC #0312355)
Rafey S. Balabanian (ARDC #6285687)
COHON RAIZES & REGAL LLP
208 South LaSalle Street, Suite 1860
Chicago, Illinois 60604
312/726-2252 (office)
312/726-0609 (fax)

4