IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN MIGLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07 C 6863 |
| | ) | |
| JAMES JOSEPH "TED" MELLON, | ) | Honorable Virginia M. Kendall |
| | ) | |
| Defendant. | ) | Magistrate Judge Valdez |

**MARILYN MIGLIN'S REPLY IN SUPPORT OF HER
RULE 12(f) MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff Marilyn Miglin ("Miglin") has moved to strike defendant James Mellon's ("Mellon") affirmative defenses pursuant to Fed. R. Civ. P. 12(f).  Mellon concedes that eight (8) (fifth, sixth, eighth, and tenth through fourteenth affirmative defenses) of his fourteen (14) affirmative defenses are deficient in law and therefore, has chosen to withdraw them. Notwithstanding the arguments made by Mellon in his response brief, the six remaining affirmative defenses should also be stricken and dismissed.  Also, because Mellon makes no mention of, and provides no defense for, his purported reservation of rights with respect to filing counterclaims, cross-claims, or additional defenses, such reservation should be stricken from Mellon's answer.

*Argument*

Mellon, similar to the defendant in *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989), "places great reliance on the general rule that motions to strike are disfavored.  This is because motions to strike potentially serve only to delay."  *Heller Financial, supra*, 883 F.2d at 1294.  However, this reliance is misplaced since, as the court in

*Heller* observed, "where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Financial, supra*, 883 F.2d at 1294. In this case, the granting of plaintiff's motion to strike will expedite this proceeding.

### A. Mellon's First, Second, and Seventh Affirmative Defenses are Inappropriately Pleaded as Affirmative Defenses

As stated in Miglin's original motion, Mellon's first, second, and seventh affirmative defenses are not affirmative defenses in nature and therefore, those defenses should be stricken and dismissed. With respect to his first affirmative defense, Mellon misinterprets the court's analysis in *Cohn v. Taco Bell Corp.*, 1995 WL 247996 (N.D. Ill.). With respect to his second and seventh affirmative defenses, those defenses are, despite Mellon's arguments, nothing more than denials and references to facts not pleaded in the answer that have no relevance in determining whether such defenses have been properly pleaded.

#### 1. Mellon's First Affirmative Defense

Mellon incorrectly argues that the first defense alleging that the complaint fails to state a claim is supported by the case of *Cohn v. Taco Bell Corp.*, 1995 WL 247996 (N.D. Ill.). While the *Cohn* court recognized that some Illinois courts have refused to strike a failure-to-state-a-claim defense as being insufficient in law, the court also noted that other Illinois courts "have not been willing to overlook technical deficiencies." *Cohn, supra*, 1995 WL 247996, 2 (N.D. Ill.) (Citing *Instituto Nacional v. Continental Illinois National Bank*, 576 F.Supp. 985, 991 (N.D. Ill. 1983). In the end, the court struck the defense on other grounds and never addressed the issue of whether it was an appropriate defense. Of more relevance is the ruling by the Seventh Circuit that the defense of failure to state a claim is not a proper affirmative defense. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As a result, Mellon's first

affirmative defense should be stricken and dismissed.

### 2. *Mellon's Second and Seventh Affirmative Defenses*

Mellon's second and seventh affirmative defenses fail because in those defenses, Mellon simply denies that he caused Miglin's damages. However, as shown above, an affirmative defense that responds to the matters asserted in the complaint, as opposed to raising new matters, is legally insufficient. *Instituto Nacional, supra*, 576 F.Supp. at 991. No affirmative matter is pleaded in support of such denials. As such, Miglin is unable to respond to such defenses.

#### (a) *Mellon's Second Affirmative Defense*

In his response brief, Mellon argues that he properly articulates a theory of estoppel in his second affirmative defense. However, in his second affirmative defense, Mellon states "[t]hat to whatever extent [d]efendant's actions were in any way responsible for any of the activities about which [p]laintiff complains, *which this answering [d]efendant specifically denies*, any such action on the part of the [d]efendant was in reliance upon the actions of [p]laintiff and [p]laintiff is therefore estopped from making any claim." (Answer to Complaint, p. 3, Second Affirmative Defense) (emphasis added). Mellon denies the allegations against him with respect to his action, yet at the same time, asserts that his conduct was in reliance on Miglin's actions. But he cannot have it both ways. Mellon must deny the claim, or, in the alternative, admit the allegations and point to an affirmative matter that somehow defeats the claim altogether. The fact that he attempts to do both renders his second affirmative defense invalid.

In addition, Mellon's theory of estoppel is legally insufficient. Detrimental reliance is an essential part of estoppel. Mellon does not allege facts showing what conduct of plaintiff he

acted in reliance on, and how such reliance was, to his detriment. In fact, Mellon's second affirmative defense is altogether lacking in factual allegations. Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. *Bobbit v. Victorian House, Inc.*, 532 F.Supp. 734, 736-37 (N.D. Ill. 1982). Defenses may set forth short and plain statements of fact. *Bobbit, supra*, 532 F.Supp. at 736-37. However, bare bones conclusory allegations unsupported by specific allegations of fact will not suffice. *Heller, supra*, 883 F.2d at 1295.

Here, Mellon's second affirmative defense is nothing more than bare bones conclusory allegations. Without satisfying the elements, or pleading any facts in support of his theory of estoppel, Mellon's second affirmative defense should be stricken and dismissed.

### (b)   *Mellon's Seventh Affirmative Defense*

In his seventh affirmative defense, Mellon alleges, albeit in conclusory fashion, that "the injuries and damages complained of by [p]laintiff in his [*sic*] [c]omplaint, if any, were directly and proximately caused or contributed to by [*sic*] the fault, failure to act, carelessness and negligence of [p]laintiff." (Answer to Complaint, p. 4, Seventh Affirmative Defense).

The defense is without merit for two principal reasons.

First, Mellon simply denies that he caused Miglin's damages. A denial of the allegations against him does not constitute an affirmative defense.

Second, negligence is generally not a defense to an action for fraud. To the extent that Mellon seeks to fall within an exception to the general rule, he must plead facts with specificity.

"As a general rule one who is guilty of fraudulent misrepresentation cannot interpose a defense that the person defrauded was negligent in failing to discover the truth." *Schmitd v.*

*Landfield*, 20 Ill.2d 89, 94 (1960); See also *Roda v. Berko*, 401 Ill. 335, 342, (1948); *National Republic Bank of Chicago v. National Homes Const. Corp.*, 63 Ill.App.3d 920, 924, 381 N.E.2d 15, 19 (1st Dist. 1978).  Although plaintiff's negligence is not generally a defense to an action for fraud, there are situations where the plaintiff may have an obligation to inquire.  *Central States Joint Bd. v. Continental Assur. Co.*, 117 Ill.App.3d 600, 607, 453 N.E.2d 932, 937 (1st Dist. 1983).

Thus, it is well settled that Mellon cannot generally use as a defense the alleged negligence of Miglin to avoid liability for his intentional and fraudulent misrepresentations. Mellon fails to plead any facts to establish that he falls within the exception to the general rule. The manner in which Mellon's affirmative defense is pled gives Miglin no notice as to what acts constitute "carelessness" and "negligence" that could somehow defeat her claim of actual fraud against Mellon.  He simply asserts that Miglin was careless and negligent.  But that allegation is nothing more than a conclusion of law.  Rule 8 requires a short and plain *statement of fact*. While he attempts to plead facts in his response brief, Mellon is required to state his claims *in the allegations in his answer*; not in his response brief.  Because he failed to do so, Mellon's seventh affirmative defense should be stricken and dismissed.

> B.  **Mellon's Third, Fourth, and Ninth Affirmative Defenses Are Factually Insufficient**

Mellon's third, fourth, and ninth affirmative defenses violate Rule 8 because they do not contain facts that serve to place Miglin on notice of the defense being asserted against her.  As a result, they should be stricken and dismissed.

> 1.  <u>Third Affirmative Defense</u>

In his third affirmative defense, Mellon simply states that "[p]laintiff had notice of all the

facts and acts of [d]efendant set forth in the [c]omplaint, and nevertheless refrained from commencing this action until August 31, 2007, and has thereby been guilty of laches as should in equity bar the plaintiff from maintaining this action" (Answer to Complaint, p. 3, Third Affirmative Defense).

In an apparent acknowledgment of the deficiencies existing in his answer, Mellon states in his response brief that he "can amend the affirmative defense to state more particularly the defense of laches..." (Rsp.Brf., p. 5, ¶2). Laches is an equitable principle that bars relief to a party whose unreasonable delay in bringing an action for relief prejudices the rights of the other party. *Marsaw v. Richards*, 368 Ill.App.3d 418, 431-32, 857 N.E.2d 794, 804 (1st. Dist. 2006). The party seeking to prove laches must show more than a mere passage of time; they must show an unreasonable delay in bringing the action that caused them material prejudice. *Marsaw, supra*, 368 Ill.App.3d at 432-32, 857 N.E.2d at 804.

At best, Mellon shows a mere passage of time. There are no facts to establish that Miglin was unreasonable in bringing this lawsuit when she did. "Even though an affirmative defense need only be a brief statement, it must provide plaintiff with adequate notice of the relevant elements." *Bobbit, supra*, 532 F.Supp. at 737. While Mellon points to alleged facts in his response brief, such facts are irrelevant because they are not contained in his answer. Therefore, Mellon's third affirmative defense should be stricken and dismissed.

### 2. *Fourth Affirmative Defense*

In his fourth affirmative defense, Mellon merely states that "[p]laintiff by her actions has freely and voluntarily waived any rights she may have had under the circumstances alleged." (Answer to Complaint, p. 3, Fourth Affirmative Defense). The foregoing allegation is nothing

more than an conclusion of law. The fourth defense does not provide Miglin with notice of the defense being asserted against her because it is altogether lacking in factual allegations. Without facts, Mellon's fourth affirmative defense is in violation of Rule 8(a) and therefore, it should be stricken and dismissed. See *Ortho-Train, Inc. v. Rocky Mountain Orthodontics, Inc.*, 2007 WL 1238917, 1 (N.D. Ill. 2007) (an affirmative defense that fails to satisfy the requirements of Rule 8 must be stricken).

### 3.     *Ninth Affirmative Defense*

Finally, in his ninth affirmative defense, Mellon states that [d]efendant alleges that [p]laintiff was capable of, and failed to mitigate her damages, if any." (Answer to Complaint, p. 4, Ninth Affirmative Defense).

Once again, similar to his other defenses, Mellon's ninth affirmative defense fails to place Miglin on notice of the claim asserted against her. While it is true that this litigation is in its early stages, under Rule 8(a), Mellon is required to point to some fact that establishes that Miglin failed to mitigate her damages *in relation to her complaint for fraud*. He does not specify how she failed to do so. Instead, Mellon simply states (in one sentence) that Miglin failed to mitigate her damages. Miglin is left to guess as to how, or to what extent, she could have mitigated damages caused by defendant's alleged fraudulent conduct. Mellon is required to plead with more specificity.

### *Conclusion*

For the foregoing reasons, Mellon's affirmative defenses should be stricken and dismissed by the court.

**WHEREFORE**, plaintiff Marilyn Miglin, prays the court grant her motion to strike defendant James Mellon's affirmative defenses, strike and dismiss defendant's immaterial reservation of rights, and award such other and further relief as the court deems equitable and just.

                    **MARILYN MIGLIN**

                    By: /s/ Rafey S. Balabanian
                          One of Her Attorneys

Cornelius P. Brown (ARDC no. 0312355)
Rafey S. Balabanian (ARDC no. 6285687)
COHON RAIZES & REGAL LLP
208 South LaSalle Street, Suite 1860
Chicago, Illinois 60604
312/726-2252 (office)
312/726-0609 (fax)