IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN MIGLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6863 |
| | ) | |
| JAMES JOSEPH "TED" MELLON, | ) | Honorable Virginia M. Kendall |
| | ) | |
| Defendant. | ) | Magistrate Judge Valdez |

**MARILYN MIGLIN'S MOTION FOR AN ENLARGEMENT OF TIME
TO RESPOND TO DEFENDANT'S MOTION TO TRANSFER VENUE**

Plaintiff Marilyn Miglin ("Miglin"), moves the court for an enlargement of time in which to respond to defendant James Mellon's ("Mellon") motion to transfer this case to the United States District Court in Nevada. In support of her motion, Miglin states as follows:

1. In this case, Miglin alleges that Mellon orchestrated a scheme to defraud Miglin of millions of dollars by inducing Miglin to invest in a corporation known as Advanced Medical Products ("AMP").

2. Miglin alleges that Mellon represented, among other things, that he was a friend of Miglin's deceased husband, that he (Mellon) was a member of the Mellon banking family, and that he (Mellon) was also investing in AMP, all of which, turned out to be false.

3. Mellon answered the complaint and alleged various affirmative defenses. Miglin's motion to strike Mellon's affirmative defenses is currently pending before the court.

4. At the initial case management conference of January 14, 2008, the court gave Mellon leave until February 14, 2008, in which to file his motion to transfer venue. Miglin was given leave until February 28, 2008, in which to respond to the foregoing motion.

5.　　On February 14, 2008, Mellon filed his motion to transfer venue. In his motion, Mellon alleges, among other things, that this case should be transferred to Nevada because allegedly a similar action involving Miglin took place in Nevada, and all of the evidence that is germane to this case is allegedly located in Nevada.

6.　　In the Nevada action, Miglin was represented by counsel who resides in California. Miglin's attorneys in California are in possession of a voluminous amount of documents that must be accessed and reviewed in order to effectively respond to Mellon's motion to transfer.

7.　　Such documents must be reviewed by Miglin's Chicago counsel, in conjunction with her California counsel. The logistics of doing so require that Miglin seek an enlargement of time to respond to the motion to transfer venue.

8.　　Fed. R. Civ. P. 6(b) provides that the court in its discretion may enlarge the period in which any act is required to be done.

9.　　On February 21, 2008, Miglin's counsel contacted Mellon's counsel and confirmed that Mellon has no objection to this motion.

10.　　This motion is not being brought to prejudice the rights of any party and no party will suffer prejudice by the granting of the relief sought in this motion.

**WHEREFORE**, plaintiff Marilyn Miglin prays the court grant her an enlargement of time, up to and including, March 20, 2008, in which to respond to defendant James Mellon's motion to transfer this case to the United States District Court in Nevada, and award such other and further relief as the court deems equitable and just.

                                          **MARILYN MIGLIN**

                                          By: /s/ Rafey S. Balabanian
                                                   One of Her Attorneys

Cornelius P. Brown (ARDC no. 0312355)
Rafey S. Balabanian (ARDC no. 6285687)
COHON RAIZES & REGAL LLP
208 South LaSalle Street, Suite 1860
Chicago, Illinois 60604
312/726-2252 (office)
312/726-0609 (fax)