# EXHIBIT 5

FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT DISTRICT OF COLORADO
FOR THE DISTRICT OF COLORADO 2001 SEP 26 PM 3:12

Criminal Case No.     **01 - CR - 333 N**

JAMES R. MANSPEAKER
CLERK

UNITED STATES OF AMERICA,

BY_____DEP. CLK

Plaintiff,

v.

JAMES JOSEPH MELLON, a/k/a TED MELLON,
and EUGENE KOTLAREK,



Defendants.

---

## INDICTMENT
### 18 U.S.C. § 1341 and 2
### Mail Fraud

---

The Grand Jury charges that:

### COUNTS 1 - 5: MAIL FRAUD

1.     Beginning in about October 1997, and continuing thereafter until about July 1998, James Joseph Mellon, also known as Ted Mellon, operated an investment business, using various names, including Mellon Investments Internationale, Inc., and Scotty's Fish and Chips, Inc.

2.     Beginning in about May 1996 and continuing thereafter until about August 1998, Eugene Kotlarek worked with and for James Joseph Mellon.

3.     From about May 1997, and continuing thereafter until about July 1998, James Joseph Mellon, together with Eugene Kotlarek, devised, intended to devise, and participated in a scheme to obtain money by means of false and fraudulent material pretenses, representations and promises, and they aided, abetted, counseled,

commanded, induced, procured, and willfully caused the commission of acts in furtherance of the scheme.

4. The scheme to defraud was carried out in the following manner:

a. The Defendants solicited investors to invest money in a project called "Scotty's Fish and Chips."

b. In order to induce investments, the Defendants made oral and written communications to investors that contained false, fraudulent and misleading statements, including but not limited to the following:

1) the stock would "go public" in a year's time and would be worth seven to eight times the initial purchase price;

2) the Scotty's Fish and Chips franchise had at least two restaurants ready to open for business within a month;

3) the company had an experienced management team that was assembled to direct the operation of the company;

4) Ted Mellon was a member of the "Pittsburgh Mellon" banking family.

c. Of the investors who received stock certificates in exchange for their moneys, the stock certificates were not issued under the name of Scotty's Fish and Chips as promised.

d. The Defendants did not spend the investment funds on legitimate corporate expenses; the moneys were spent on personal expenses.

2

5.    On or about the date(s) specified below for each count, in the State and District of Colorado, JAMES JOSEPH MELLON and EUGENE KOTLAREK, for the purpose of executing the above-described scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, knowingly caused to be deposited such matter, as described below, to be sent and delivered by U.S. Postal Service and by commercial interstate carrier, and knowingly caused such matter to be delivered by the U.S. Postal Service and by commercial interstate carrier according to the directions thereon:

| COUNT | DATE | MATTER |
|-------|------|--------|
| 1 | 10/20/97 | $5,000 check drawn on the account of Ellen Cioccio, sent via the U.S. Postal Service, addressed to Ted Mellon, Mellon Investments Internationale, Inc., 4611 W. 89th Way, #200, Westminster, CO 80030. |
| 2 | 10/23/97 | $10,000 check drawn on a Dean Witter Reynolds, Inc. account in the name of Tiffini R. Hughes, sent via Federal Express, addressed to Ted Mellon, 9030A Cherry Creek Drive South, Denver, CO 80231. |
| 3 | 10/29/97 | $20,000 check drawn on a Dean Witter Reynolds, Inc. account in the name of Tiffini R. Hughes, sent via Federal Express, addressed to Ted Mellon, 9030A Cherry Creek Drive South, Denver, CO 80231. |
| 4 | 3/5/98 | $50,000 check drawn on the State Street Bank and Trust Company account of Maureen Holasek, sent via Federal Express, addressed to Eugene Kotlarek, Mellon Investments Internationale, Inc., 4611 W. 89th Way, #200, Westminster, CO 80030. |
| 5 | 6/19/98 | $25,000 check drawn on the Nations Bank account of Vicky Kermelis, sent via Federal Express, addressed to Ted Mellon, Mellon Investments Internationale, Inc., 4611 W. 89th Way, #200, Westminster, CO 80030. |

3

Each of the foregoing counts was a violation of Title 18, United States Code,

Sections 1341 and 2.

A TRUE BILL:

Foreperson

JOHN W. SUTHERS
United States Attorney

VALERIA N. SPENCER
Assistant U.S. Attorney

I, the undersigned, Clerk of the
United States District Court for the
District of Colorado, do certify that
the foregoing is a true copy of an
original document remaining on file
and record in my office.
WITNESS my hand and SEAL of said
Court this 27 day of _____ 2006
GREGORY C. LANGHAM
By _____

4

MAY 16 2002

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2002 MAY 14 PM 2: 09

JAMES R. HANSPEAKER
CLERK

UNITED STATES OF AMERICA

v.

JAMES JOSEPH MELLON
a/k/a Ted Mellon

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER: 01-CR-333-01-N

BY_____DEP. CLK

Jon Bernhardt, Retained
(Defendant's Attorney)

Valeria N. Spencer
(Assistant United States Attorney)



DEFENDANT'S
EXHIBIT
334

**THE DEFENDANT:** Pleaded guilty to Count 3 of the Indictment.

**ACCORDINGLY,** the Court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud and Aiding and Abetting | 10/29/97 | 3 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1, 2, 4 and 5 of the Indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 9/6/44

Defendant's USM No.: 22867-112

Defendant's Residence Address:

1350 Calle Rolph
Palm Springs, California 92264

Defendant's Mailing Address:

SAME

April 26, 2002
_____
Date of Imposition of Judgment

_____
Signature of Judicial Officer

Edward W. Nottingham, U.S. District Judge
Name & Title of Judicial Officer

I, the undersigned, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original document remaining on file and record in my office. WITNESS my hand and SEAL of said Court this 27 day of Sept 2002

GREGORY C. LANGHAM

By_____
Deputy

May 13, 2002
Date

74

DEFENDANT:  JAMES JOSEPH MELLON
CASE NUMBER:  01-CR-333-01-N

## PROBATION

The defendant is hereby placed on probation for a term of three (3) years.

The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.

The drug testing condition required by 18 U.S.C. § 3563(a)(5) is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

DEFENDANT:  JAMES JOSEPH MELLON
CASE NUMBER:  01-CR-333-01-N

Judgment-Page 3 of 5

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) the defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall be placed on home detention for a period of three (3) months, to commence within 30 days of sentencing.  During this time, the defendant shall remain at the defendant's place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at the defendant's place of residence without any special services, modems, answering machines, or cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.  The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

2) The defendant shall obtain full-time employment within 60 days.  Employment shall be approved in advance and is to be verified by the probation officer.



DEFENDANT:  JAMES JOSEPH MELLON
CASE NUMBER:  01-CR-333-01-N

Judgment-Page 4 of 5

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|------------|------|-------------|
| 3 | $100.00 | $1,000.00 | $0.00 |
| TOTALS | $100.00 | $1,000.00 | $0.00 |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the fine.

DEFENDANT: JAMES JOSEPH MELLON
CASE NUMBER: 01-CR-333-01-N

Judgment-Page 5 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment fee is due in full immediately. The fine shall be paid either in a lump sum or in equal monthly installments during the term of probation, commencing 30 days from the date of sentencing.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of monetary obligations shall be due during the period of imprisonment. All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court, unless otherwise directed by the Court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) assessment, (2) fine principal.

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 0 5 2001

JOHN A. CLARKE, CLERK
C. L. Coleman
BY C. L. COLEMAN, DEPUTY

1 | Louis A. Stearns, Sr.
Louis A. Stearns, Jr.
2 | LAW OFFICES OF LOUIS A. STEARNS
17425 Devonshire Street
3 | Northridge, California 91325
(818)-360-0732
4 |
Attorney For Plaintiff,
5 | TIFFINI R. HUGHES

ORIGINAL

Case assigned to
Judge Mary A. Murphy

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

DEFENDANT'S
EXHIBIT
335

12 | TIFFINI R. HUGHES,                )   CASE No.   **BC242888**
                                    )
13 |                                 )   **COMPLAINT FOR**
                  Plaintiffs,        )
14 | vs.                             )   **1. FRAUD**
                                    )   **2. BREACH OF ORAL CONTRACT**
15 | TED J. MELLON, DBA MELLON        )   **3. PUNITIVE & EXEMPLARY**
INVESTMENTS, MELLON INVESTMENTS )       **DAMAGES**
16 | INTERNATIONALE, INC., a Colorado)
corporation,  LYNN WESTMAN, and )       (Unlimited-Exceeds
17 | DOES 1 through 50, Inclusive,    )      $ 25,000.00)
                                    )
18 |                  Defendants.     )
    |_____)

19 |

20 |     Plaintiff, TIFFINI R. HUGHES, an individual, alleges:

21 |                      GENERAL ALLEGATIONS

22 |     1. The Court has jurisdiction to hear this action because the

23 | amount in controversy exceeds $ 25,000.00.

24 |     2. Venue is proper in Los Angeles County Superior Court

25 | because that is the County where the oral contract was entered into

26 | between the Plaintiff and Defendants and that is where the

27 | obligations or liabilities of Defendant arose, and that is where the

1

COMPLAINT FOR FRAUD AND BREACH OF CONTRACT

1   the breaches of contract and breaches of duty of Defendants
2   occurred.

3       3. At all relevant times mentioned herein, Plaintiff TIFFINI
4   R. HUGHES (hereinafter "Hughes") is an individual and lives in the
5   County of Los Angeles, State of California.

6       4. At all relevant times mentioned herein, Defendant, TED J.
7   MELLON (hereinafter) "Mellon" is an individual doing business under
8   many fictitious names, including but not limited to, TED MELLON,
9   JAMES   J.   MELLON,   MELLON   INVESTMENT,   MELLON   INVESTMENTS
10  INTERNATIONALE,   INC.,   a   suspended   Colorado   Corporation   and
11  President and CEO of Scotty's Fish & Chips, a contrived business
12  entity.

13      5.   At all relevant times mentioned herein, Defendant LYNN
14  WESTMAN was the secretary of Defendant MELLON INVESTMENTS
15  INTERNATIONALE, INC., a Colorado corporation.  Said Defendant is a
16  resident of Los Angeles County, California, residing in the San
17  Fernando Valley.

18      6.   On the basis of information and belief, Plaintiff alleges
19  that Defendant TED J. MELLON resides at 30525 Avenida Del Padre,
20  Cathedral City, CA 92234.

21      7.  The intentional fraudulent, wrongful and negligent conduct
22  of "Mellon" giving rise to this action occurred during the month of
23  October 1997 in the city of Beverly Hills, County of Los Angeles,
24  State of California.

25      8.  The true names and/or capacities, whether individual,
26  corporate, associate or otherwise, of Defendants DOES 1 through 10,
27  inclusive, are unknown to Plaintiff, who therefore sue said

2

**COMPLAINT FOR FRAUD AND BREACH OF CONTRACT**

1 | Defendants by such fictitious names.

2 |     9. Plaintiff is informed and believes, and upon such
3 | information and belief alleges, that each of the Defendants
4 | fictitiously named herein as a DOE is legally responsible,
5 | negligent or in some other actionable manner, for the acts, events,
6 | occurrences and liability hereinafter alleged and referred to and
7 | caused economic damages to Plaintiff as hereinafter alleged. The
8 | Plaintiff will ask leave of Court to amend this Complaint to insert
9 | the true names and/or capacities of such fictitiously named
10 | Defendants when the same have been ascertained.

11 |     10. Plaintiff is informed and believes, and thereon alleges,
12 | that at all times mentioned herein, Defendants, and each of them,
13 | including DOES 1 through 10, inclusive, and each of them, were the
14 | agents, servants, employees and/or joint ventures of their Co-
15 | Defendants, and were, as such acting within the course, scope and
16 | authority of said agency, employment and venture, and that each and
17 | every Defendant, as aforesaid, when acting as a principal, was
18 | negligent in the selection and hiring of each and every other
19 | Defendant, as an agent, employee and/or joint venturer.

20 |     11. On or about October 1997 Defendant "Mellon" intentionally
21 | and fraudulently presented himself to the Plaintiff as being that
22 | certain "TED MELLON" of the wealthy Mellon Family in Pittsburgh,
23 | Penn and Mellon Bank of Los Angeles California; "Mellon" did so
24 | for the purpose of deceiving Plaintiff into believing Defendant was
25 | a Wealthy investment broker with ties to the wealth of the Mellon
26 | family.

27 |     12. Defendant "Mellon" represented to Plaintiff that he was

3

**COMPLAINT FOR FRAUD AND BREACH OF CONTRACT**

1  had formed a very successful franchising operation called "Scotty's

2  Fish & Chips", and that it already had two restaurants up and

3  operating in the Chicago area.    Defendant "Mellon" solicited

4  Plaintiff to "invest" in the parent company of the franchise in the

5  sum of $ 30,000.00.    In connection with said solicitation,

6  Defendant "Mellon" represented that the franchise company was going

7  to "go public" shortly and that the $ 30,000.00 investment would

8  immediately skyrocket in value when the Initial Public Offering

9  (IPO) was launched.

10     13.  In reliance upon the truthfulness of the representations

11  of Defendant "Mellon", Plaintiff delivered the sum of $ 30,000.00

12  to Defendant "Mellon" to invest in the parent company of Scotty's

13  Fish and Chips.

14     14.  Contrary to his representations, Defendant "Mellon" did

15  not "invest" Plaintiff's $ 25,000.00 in the franchise company;

16  instead, he placed it in his solely owned MELLON FINANCIAL

17  INTERNATIONALE, INC. and delivered a stock certificate # 1006 in

18  the name of Melon Investments, Internationale, Inc. for 250,000.00

19  shares of its stock.   When Plaintiff inquired, Defendant "Mellon"

20  stated that the Mellon Investment Internationale, Inc. stock would

21  be redeemed and converted into Scotty's Fish and Chips stock just -

22  prior to the promised IPO.      Scotty's Fish and Chips was

23  fraudulently represented by Defendant "Mellon" to be a franchised

24  restaurant business, when in truth and fact Scotty's Fish and Chips

25  was a nonexistent company.

26     15.  Plaintiff has since discovered that Defendant TED J.

27  MELLON and his daughter, Defendant LYNN WESTMAN, formed Defendant

4

1  MELLON INVESTMENT INTERNATIONALE, INC. as a fraudulent corporate
2  front with TED J. MELLON as the President and his daughter
3  Defendant LYNN WESTMAN as the Secretary.   Both Defendants use the
4  fraudulent corporation as a front to collect money from
5  unsuspecting investors in order to convert the money so received to
6  their own personal benefit and use.   Both Defendants knew at the
7  time Plaintiff delivered her $ 30,000.00 and still know that
8  Defendant MELLON INVESTMENT INTERNATIONALE was and is a fraudulent
9  corporation with no assets, no investments and no viable business
10 activities other that scamming "investors" in the same manner as
11 they scammed the Plaintiff in this action.

12      16.   On or about April 1998, Plaintiff discovered that
13 Scotty's Fish and Chips was not a valid corporation at all and that
14 it would not be formed. Plaintiff later discovered from the real
15 Mellon family in Pittsburg, Penn, that Defendant "Mellon" had
16 repeatedly and falsely represented himself to be Ted Mellon of the
17 Mellon Family and Mellon Bank to other people in Los Angeles
18 County. Plaintiff further learned that Defendant "Mellon" sold
19 worthless stock certificates to other individuals in the Los
20 Angeles area who are also seeking a return of their money.

21      17.   From April 1998 to the present time and continuing
22 Plaintiff asked Defendant "Mellon" for the return of Plaintiff's
23 $30,000.00.   Defendant "Mellon" on June 18, 1999 issued a money
24 order to Christina Novak and Tiffini Hughes in the sum of
25 $ 10,000.00 as a partial return of the money.   The maker of the
26 money order was Mellon Investments Internationale.   The other payee
27 of the refund check, Christina Novak is Plaintiff's sister who also

5

COMPLAINT FOR FRAUD AND BREACH OF CONTRACT

invested money in Scotty's Fish & Chips. The money order was allocated to the account of Tiffini Hughes. Defendant "Mellon" is still indebted to Plaintiff in the sum of $ 20,000.00.

18.   Plaintiff prays for any and all prejudgment interest under California Code of Civil Procedure, Section 3291 and any other interest allowed by law.

**FIRST CAUSE OF ACTION FOR ACTUAL FRAUD AND PUNITIVE AND EXEMPLARY DAMAGES BY PLAINTIFF TIFFINI R. HUGHES AGAINST DEFENDANT TED J. MELLON, LYNN WESTMAN, MELLON INVESTMENTS INTERNATIONALE, INC. AND DOES 1 THROUGH 50**

19.   Plaintiff incorporate the allegations of paragraphs 1 through 18, inclusive, of the complaint as though fully set forth at length here at.

20.   To induce Plaintiff to enter into an oral agreement to purchase stock in Scotty's Fish & Chips, Defendant TED MELLON and LYNN WESTMAN intentionally, wrongfully, falsely and fraudulently represented to Plaintiff, among other things, the following:"

1. That Defendant TED MELLON was a successful and rich man because of his business dealings in forming restaurant franchise businesses.

2. That Defendant TED MELLON had the financial backing of the well known Mellon of Pittsburgh, Mellon Bank and was President of Mellon Bank.

3. That Defendant TED MELLON would incorporate a new franchise business called Scotty's Fish & Chip and sell Plaintiff pre IPO stock in Scotty's Fish & Chip for $ 30,000.00.

4. That Scotty's Fish and Chip would be a successful

COMPLAINT FOR FRAUD AND BREACH OF CONTRACT

1  business and already had one store open in Chicago, Illinois.

2      21.   After Plaintiff gave Defendants TED MELLON and LYNN

3  WESTMAN $ 30,000.00 as an investment, Plaintiff learned that

4  Mellon was a fraud and that the MELLON'S representations as alleged

5  herein were false and that Scotty's Fish & Chips was nothing more

6  than a fictitious name used by Defendant TED MELLON and LYNN

7  WESTMAN in connection with their fraudulent investment scheme.

8      22.   When Defendant TED MELLON made the foregoing

9  representations as alleged herein, Defendant TED MELLON knew the

10 representations were false.  Defendant TED MELLON and LYNN WESTMAN

11 concealed the fact that Scotty's Fish & Chips did not exist, and

12 misrepresented the fact that he was not a rich and successful

13 business man with solid connections with the Mellon family and the

14 Mellon Bank.    Defendant TED MELLON made the foregoing

15 misrepresentations and concealed the truth of the matter in order

16 to induce Plaintiff to hand over her $ 30,000.00 for what is in

17 fact, worthless stock in Mellon in his solely owned MELLON

18 FINANCIAL INTERNATIONALE, INC.

19     23.   Plaintiff Hughes was unaware of and ignorant of the

20 falsity of the foregoing representations and likewise ignorant of

21 the true facts concealed by Defendant TED MELLON and by Defendant

22 LYNN WESTMAN and Plaintiff acted in reliance upon the truth of the

23 "Mellon's" representations and was justified in relying upon such

24 representations of Defendants in delivering over some

25 $ 30,000.00 to be invested in Scotty's Fish and Chips.

26     24.  In furtherance of their fraudulent scheme, Defendant LYNN

27 WESTMAN issued and countersigned stock certificates from MELLON

7

1  INVESTMENTS INTERNATIONALE, INC. to Plaintiff and also had her

2  father co sign the stock certificates. At the time of the issuance

3  of the stock certificates, both Defendants knew that the corporate

4  entity was a fraudulent enterprise designed to defraud and cheat

5  Plaintiff and others like her out of their money.

6      25.  In doing the acts herein alleged, Defendants TED MELLON

7  and LYNN WESTMAN acted wilfully, and with oppression, fraud and

8  malice, and Plaintiff is therefore entitled to an award of punitive

9  and exemplary damages according to proof at the time of trial.

10     26.  As a direct and legal result of Defendants, and each of

11 them, and Does 1 through 50 fraudulent and deceitful conduct and

12 misrepresentations Plaintiff was hurt and injured in her health and

13 has suffered permanent and irreparable emotional distress and other

14 non-economic damages according to proof at the time of trial but in

15 excess of the jurisdictional minimum for this Court.

16     27.  As a direct and legal result of Defendants, and each of

17 them,  and  Does  1-50  fraudulent  and  deceitful  conduct  and

18 misrepresentations, Plaintiff has incurred and will continue to

19 incur economic damages in the sum of $ 20,000.00, plus interest at

20 the legal rate.

21            **SECOND CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT**

22            **BY PLAINTIFF, TIFFINI R. HUGHES AGAINST DEFENDANT**

23            **TED J. MELLON AND DOES 1 THROUGH 50**

24     28. Plaintiff incorporate the allegations of paragraphs 1

25 through 27, inclusive, of the complaint as though fully set forth

26 at length here at.

27     29. On June 17, 1999, after Plaintiff confronted Defendant TED

8

1  J. MELLON about the fraudulent scheme, Defendant TED MELLON entered

2  into an oral agreement with the Plaintiff wherein he agreed to then

3  pay Plaintiff the sum of $ 10,000.00 and to repay the balance of

4  her $ 20,000.00 plus interest at the legal rate from the date of

5  the original "investment", (June 23, 1998) forthwith if she would

6  not proceed with litigation against him for fraud.   Plaintiff

7  agreed and accepted a $ 10,000.00 payment as part performance of

8  the oral agreement.

9      30.    Thereafter, Defendant TED MELLON did not make the

10 additional $ 20,000.00 plus interest payment, thus breaching the

11 oral contract between Defendant TED MELLON and Plaintiff.

12     31.   The oral agreement was entered into in Beverly Hills,

13 County of Los Angeles, California.

14     32. Plaintiff performed all of the terms and conditions of the

15 oral agreement in Los Angeles County. Defendant TED MELLON did not

16 perform any of the executory terms of the agreement except to make

17 the first $ 10,000.00 payment.

18     33.   As a direct and legal result of Defendant "Mellon's"

19 breach of oral contract Plaintiff suffered economic damages in the

20 sum of $ 20,000.00 plus prejudgment interest at the legal rate of

21 ten percent (10%) from June 17, 1999 amounting to $ 5,046.57.

22     WHEREFORE, Plaintiff TIFFINI R. HUGHES prays for judgment

23 against Defendants, and each of them, and Does 1 through 50 as to

24 the First Cause of Action, in an amount as yet unascertained,

25 according to proof as follows;

26     1. For Economic damages and other business losses, amounting

27 to the sum of $ 25,046.57 and other sums according to proof, which

9

COMPLAINT FOR FRAUD AND BREACH OF CONTRACT

1  amount is in excess of the minimum Jurisdiction of the Court.

2      2. For Non-Economic damages, according to proof at the time of

3  trial.

4      3. For punitive and exemplary damages, according to proof as

5  shall be determined according to the trier of fact.

6      4. For cost of suit incurred herein;

7      5. For prejudgment interest;

8      6. For any and such further relief as the Court may deem just

9  and appropriate.

10 Dated: January 5, 2000

11                        LAW OFFICES OF LOUIS A. STEARNS

12

13                        LOUIS A. STEARNS, SR.
                          Attorney For Plaintiff,
14                        TIFFINI R. HUGHES

15

16

17

18

19

20

21

22

23

24

25

26

27

                                   10

| SHORT TITLE: HUGHES vs. TED J. MELLON | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM
### CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO DISTRICT

**This form is required in all new civil case filings in the Los Angeles Superior Court**

I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

☒ JURY **OR** ☐ NON-JURY **AND** CLASS ACTION? ☐ YES ☒ NO  TIME ESTIMATED FOR TRIAL __X__ ☐ HOURS/ ☐ DAYS.

II. Select the correct district (4 steps):

1 After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column 1, the Civil Case Cover Sheet case type you selected.

2 Check **one** Superior Court type of action in Column 2 which best describes the nature of this case.

3 In Column 3 below, circle the reason for your choice of district that applies to the type of action you have checked.

**Applicable Reasons for Choosing District (See Column 3 below)**

1. Class Actions must be filed in Central District.
2. May be filed in Central (Non-PI/PD/Out-of-county PI/PD).
3. District where cause of action arose.
4. District where injury, death or damage occurred.
5. District where performance required or defendant resides.
6. District where property is located.
7. District where petitioner resides.
8. District where defendant/respondent functions wholly therein.
9. District where one or more of the parties reside.
10. District where Labor Commissioner Office located.

4 Fill in the information requested on page 4 in item III; complete item IV. Sign the certificate.

| | -1-<br>Civil Case Cover<br>Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Dam./Wrongful Death<br>Is this an uninsured motorist case? ☐ Yes ☐ No | 1., 2., 4. |
| Other PI/PDWD Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestosis - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other PI/PD/WD (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional PI/PD/WD (e.g., assault, vandalism, etc.)<br>☐ A7220 Other Personal Injury/Property Dam./Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 4. |
| Non-PI/PDWD Tort | Business Tort (07) | ☒ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016 Intellectual Property | 2., 3. |
| | Prof. Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |

982.2(b)(1)A  76C134
R2/00

CIVIL CASE COVER SHEET ADDENDUM
CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO DISTRICT

LASC Rule 2.0(d)
Page 1 of 4 pages
LA-4B1

| SHORT TITLE: HUGHES vs. TED J. MELLON | CASE NUMBER |
|---|---|

| | -1-<br>Civil Case Cover<br>Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Above |
|---|---|---|---|
| **Non-PI/PD/WD Tort** | Other Non-PI/PD/WD Tort (35) | ☐ A6025 Other Intentional Tort Complaint (not PI/WD/PD) | 1., 2., 3. |
| | | ☐ A6026 Other Tort Complaint Case (not intentional or PI/WD/PD) | 1., 2., 3. |
| **Employment** | Wrongful Termination (35) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not UD or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractural Fraud | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Emnt Dom/Inv. Cond. (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not em. domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Det-Comm(31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Det-Resid (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Det-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration Award (11) | ☐ A6115 Petition to Compel/Confirm Arbitration | 2., 5. |

982.2(b)(1)A  75C134
R2/00

**CIVIL CASE COVER SHEET ADDENDUM**
**CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO DISTRICT**

LASC Rule 2.0(d)
Page 2 of 4 pages

SHORT TITLE: HUGHES vs. TED J. MELLON

CASE NUMBER

| -1- Civil Case Cover Sheet Category No. | -2- Type of Action (Check only one) | -3- Applicable Reasons - See Above |
|---|---|---|
| **Writ of Mandate** (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Oth. Jud. Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade Reg. (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Cnstrction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Clm. Inv. Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litig. (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Tox. Tort/Envronm (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Ins Covrage Clms from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** (20) | ☐ A6141  Sister State Judgment | 2, 9. |
| | ☐ A6160  Abstract of Judgment | 2, 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9. |
| RICO (27) | ☐ A6033  Racketeering Case | 1., 2., 8. |
| **Other Complaints:** (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1.,2.,8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Prtnrshp/Crp. Gov. (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8. |
| **Other Petitions** (Not Specified Above) (43) | ☐ A6121  Civil/Workplace Harassment | 2, 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2, 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2, 9. |

Left margin vertical labels: Judicial Review (continued) · Provisionally Complex Litig. · Enforcement of Ju[dgment] · Misc. Civ. Cmplts · Misc. Civil Petitions

| SHORT TITLE: HUGHES vs. TED J. MELLON | CASE NUMBER |
|---|---|

-4-

III. **Choose the district:** Enter the address of the accident, party residence or place of business, required performance, or other circumstance you have circled in Column 3 as the proper reason for filing in the district you selected.

| REASON: CHECK THE NUMBER YOU CIRCLED IN -3- WHICH APPLIES IN THIS CASE | ADDRESS: 1255 Armalesta Avenue |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: Los Angeles ~~Beverly Hills~~ | STATE: CA | ZIP CODE: 90210 | Los Angeles, CA |

IV. **Certificate/Declaration of Assignment:** The undersigned hereby certifies and declares that the above entitled matter is properly filed for assignment to the __Central__ District of the Los Angeles Superior Court under Section 392 et seq., Code of Civil Procedure and Rule 2(b), (c) and (d) of this court for the reason checked above. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on __1/3/2001__ at, __Northridge__ California.
(date)                (city)

*(signature)*

(SIGNATURE OF ATTORNEY/FILING PARTY)
LOUIS A. STEARNS, SR.

## New Civil Case Filing Instructions

This addendum form is required so that the court can assign your case to the correct court district for filing and hearing. It satisfies the requirement for a certificate as to reasons for authorizing filing in the district, as set forth in Los Angeles Superior Court Local Rule 2 (d). It must be completed and submitted to the court along with the Civil Case Cover Sheet and the original Complaint or Petition in ALL civil cases filed in any district (including the Central District) of the Los Angeles County Superior Court.

| PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE: |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk (Summons forms available at the Forms Counter).

3. Civil Case Cover Sheet form required by California Rule of Court 982.2(b)(1), completely filled out (Cover Sheet forms available at the Forms Counter).

4. This "Addendum to Civil Case Cover Sheet" form (Superior Court Form Number 982.2(b)(1)A, revised 7/99), completely filled out and submitted with the Civil Case Cover Sheet. *

5. Payment in full of the filing fee or an Order of the Court waiving payment of filing fees in forma pauperis (fee waiver application forms available at the Filing Window).

6. In case of a plaintiff or petitioner who is a minor under 18 years of age, an Order of the Court appointing an adult as a guardian ad litem to act on behalf of the minor (Guardian ad Litem Application and Order forms available at the Forms Counter).

7. Additional copies of documents presented for endorsement by the Clerk and return to you.

* With the exception of cases concerning personal injury (including wrongful death) and property damage occurring in this County, Labor Commissioner Appeals, and those types of actions required to be filed in the Central District by Local Court Rule 2(b), all civil actions may be optionally filed either in the Central District or in whichever other district the rule would allow them to be filed. When a party elects to file an action in Central District which would also be eligible for filing in one or more of the other districts, this form must still be submitted with location and assignment information completed.

# EXHIBIT 6



Online Services          | Fee Schedule          | Login

# MELLON INVESTMENTS INTERNATIONALE INC.

PRIN

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Revoked on 6/1/2002 6/1/2002 | File Date: | 5/24/2000 |
| Type: | Domestic Corporation | Corp Number: | C14624-2000 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2001 |
| Managed By: | | Expiration Date: | |

## Resident Agent Information

| | | | |
|---|---|---|---|
| Name: | JASON G LANDESS | Address 1: | 6600 W CHARLESTON #11 |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89146 |
| Phone: | | Fax: | |
| Email: | | Mailing Address 1: | |
| Mailing Address 2: | | Mailing City: | |
| Mailing State: | | Mailing Zip Code: | |

**View all business entities under this resident agent**

## Financial Information

Corporation Details - Secretary of State, Nevada

| No Par Share Count: | 2,500.00 | | Capital Amount: | $ 0 |
|---|---|---|---|---|

**No stock records found for this company**

| Officers | ☑ Include Inactive Officer |
|---|---|

**Secretary - JASON G LANDESS**

| Address 1: | 6600 W. CHARLESTON BLVD. | Address 2: | STE. 116 |
|---|---|---|---|
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89146 | Country: | |
| Status: | Active | Email: | |

**Treasurer - JASON G LANDESS**

| Address 1: | 6600 W. CHARLESTON BLVD. | Address 2: | STE. 116 |
|---|---|---|---|
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89146 | Country: | |
| Status: | Active | Email: | |

**President - TED MELLON**

| Address 1: | 6600 W. CHARLESTON BLVD. | Address 2: | STE. 116 |
|---|---|---|---|
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89146 | Country: | |
| Status: | Active | Email: | |

**Actions\Amendments**
**Click here to view 2 actions\amendments associated with this company**

New Search

Printer Friendly

SOS Contact Information



You are currently not logged in

Copyright © 1996-2005

# EXHIBIT 7

## RECEIPT AND ACKNOWLEDGEMENT

The undersigned acknowledges receipt of the following on April 20, 2001:

1. A Promissory Note in the sum of $1,000,000.00 dated August 15, 2000 with Marilyn Miglin as the Maker marked "Paid in Full".

2. ~~A Promissory Note in the sum of $125,000.00 dated August 15, 2000 with Marilyn Miglin as the Maker marked "Paid in Full".~~

3. Advanced Medical Products, Inc. Stock Certificate Number 3 for 625 shares.

The undersigned also acknowledges that she has performed all of the obligations required of her pursuant to the terms of the Stock Purchase Agreement dated August 15, 2000; that she has known from the date of execution of the Stock Purchase Agreement that in lieu of cash payment for stock in Advanced Medical Products, Inc., Ted Mellon and Jason Landess agreed to a mutual exchange of stock in Advanced Medical Products, Inc. and Mellon Investments Internationale, Inc.; and that Ted Mellon has received one-half of all monies that would have originally been paid to Jason Landess by the undersigned for her purchase of stock in Advanced Medical Products, Inc. in accordance with his pro rata share of stock ownership in Advanced Medical Products, Inc.

Executed this 20th day of April, 2001.

MARILYN MIGLIN

By _____
Marilyn Miglin

EXHIBIT

PENGAD 800-631-6989

JP65